UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL BOERS, DDS, MPH,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>REYNOLDS & REYNOLDS, DDS, PLLC, dba WENATCHEE VALLEY DENTAL VILLAGE, TIMOTHY L. REYNOLDS, DDS, a married man, and THOMAS L. REYNOLDS, DDS, a married man,<br><br>　　　　　　Defendants. | NO: 12-CV-0494-TOR<br><br>PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Protective Order regarding confidential information, ECF No. 13.  Having reviewed the stipulation and proposed order, the Court hereby **GRANTS** the Motion pursuant to Fed. R. Civ. P. 26(c) and Orders as follows:

　　1.　Any documents produced by a party in this action which are, in good faith, determined by the producing party to contain confidential or proprietary

PROTECTIVE ORDER ~ 1

information, including without limitation financial information, trade secrets, personnel and payroll information, business planning or strategy information, or other commercially sensitive or personally sensitive information of a non-public nature, may be designated as "CONFIDENTIAL," and so marked, by stamping each page of the document CONFIDENTIAL. If the document is more than twenty five (25) pages in length, stamping the front page CONFIDENTIAL shall be sufficient to cover the entire document under this Protective Order. In the event that a party inadvertently fails to stamp or otherwise designate a document as CONFIDENTIAL at the time of its production, that party shall have twenty (20) business days after discovery of such error to so stamp or otherwise designate the document. The parties shall act in good faith and on a reasonable basis when designating non-public documents in the following categories CONFIDENTIAL:

  (a) Personnel files of employees;

  (b) Payroll information;

  (c) Salary information;

  (d) Salary surveys;

  (e) Salary guidelines and pay-grade levels;

  (f) Social Security numbers;

  (g) Information obtained from and regarding Reynolds & Reynolds DDS, PLLC, d/b/a Wenatchee Valley Dental Village's, Dr. Timothy L. Reynolds', and Dr.

PROTECTIVE ORDER ~ 2

Thomas L. Reynolds' customers/patients, including but not limited to financial and other information disclosed to Defendants for purposes of obtaining its products and services;

    (h)    Financial information of the parties not subject to public disclosure;

    (i)    Any other information not in the public domain and that is reasonably and in good faith believed by the producing party to contain trade secret, proprietary, or highly-sensitive business information;

    (j)    Medical records and healthcare information.

2.    When used in this Order, the word "documents" means all written, recorded or graphic matter whatsoever, however created and whatever the medium on which it was produced or reproduced, including, but not limited to, documents produced by any party, whether pursuant to FRCP 33 or 34, subpoena, public records request under Washington State law, or by agreement, and may also include deposition transcripts and exhibits, and any portions of any court papers which quote from or summarize any of the foregoing.

3.    The parties contemplate that certain information falling into the categories set forth above may be produced electronically, and that the electronic media (e.g., CD-ROM) will be stamped with a CONFIDENTIAL designation, while the electronic version of documents themselves may not. For ease of production, any electronic records which are so produced shall be treated as bearing the designation

PROTECTIVE ORDER ~ 3

Case 2:12-cv-00494-TOR   Document 15   Filed 01/15/13

stamped on the source electronic media, and documents printed from such electronic records shall be automatically accorded corresponding protective status pursuant to this Order.

4. All documents designated CONFIDENTIAL, and all information contained therein, shall be used by the party(ies) to whom the documents are disclosed solely for the prosecution and/or defense of this action, and shall not be further disseminated, except as specifically set forth below.

5. Except with prior written consent of the party asserting confidential treatment, documents designated CONFIDENTIAL and the information contained therein may be disclosed only to the following persons:

(a) Counsel for the party(ies) to whom the confidential disclosure has or is to be made, and secretaries, paralegal assistants, and other employees of such counsel who are assisting counsel in the prosecution or defense of this action.  Counsel shall be responsible for ensuring that his or her associates and employees are informed of the terms of this Order and agree to abide by them;

(b) The parties to this litigation, provided they are informed of the terms of this Order and agree to abide by them;

(c) Outside consultants and experts retained by any party for the purpose of assisting in the prosecution or defense of this action, but only after the consultant or expert has read this Order and agrees in writing to be bound by it, as set

1   forth in Exhibit A.  Upon Order of this Court, for good cause shown, these agreements

2   shall be available for inspection by counsel for the party producing the confidential

3   documents;

4              (d)   Deposition witnesses during their depositions, or trial witnesses at

5   trial, when necessary for, or otherwise relevant or helpful to, such witness's testimony,

6   provided that confidential documents and the information contained therein may be

7   disclosed to non-party deposition or trial witnesses only after the witness has read this

8   Order and agrees in writing to be bound by it, as set forth in Exhibit A.  Upon Order of

9   this Court, for good cause shown, these agreements shall be available for inspection by

10  counsel for the party producing the confidential documents;

11             (e)   With respect to a particular document, an individual who is shown

12  on the face of the document to have been an author, source, or recipient of the

13  document;

14             (f)   Graphics, translation, or design services retained by counsel for

15  purposes of preparing demonstrative or other exhibits for deposition, trial, or other

16  court proceedings in the action; non-technical jury or trial consulting services, not

17  including mock jurors, who have signed the form attached hereto as Exhibit A.  Upon

18  Order of this Court, for good cause shown, these agreements shall be available for

19  inspection by counsel for the party producing the confidential documents;

20

PROTECTIVE ORDER ~ 5

(g) Independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action, provided that confidential documents and the information contained therein may be disclosed to such individuals only after they have read this Order and agree in writing to be bound by it, as set forth in Exhibit A.  Upon Order of this Court, for good cause shown, these agreements shall be available for inspection by counsel for the party producing the confidential documents; and

(h) The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court).

6. The recipient of any document designated CONFIDENTIAL that is provided under this Order shall maintain such records in a secure and safe area and shall exercise a professional standard of due and proper care with respect to storage, custody, use and/or dissemination of such records, which standard shall not be less than as is exercised by the recipient with respect to its own proprietary information.

7. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  Failure to challenge the propriety of any CONFIDENTIAL designation shall not constitute an admission as to the propriety of that designation.  In the event that any party decides to challenge a CONFIDENTIAL designation at any stage of these proceedings, such party shall provide to the

producing party written notice of its challenge to the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court pursuant to applicable court rules and other authority. Absent good cause, such request is improper until seven (7) or more days after the producing party has been provided with written notice of the challenged designation. The burden of proving that records have been properly designated as CONFIDENTIAL shall be on the party making such designation.

      8. Each individual who receives any CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

      9. Subject to the Rules of Evidence, CONFIDENTIAL information may be offered in evidence in filings with the Court, at trial, or at any court hearing. However, the parties will not file such information with the Court or otherwise use such information in open Court unless it is reasonably necessary to do so. Any party seeking to file or use documents designated as CONFIDENTIAL may only file such documents contemporaneously with a motion to seal such documents pursuant to applicable court rules and other authority. Any party may move the Court for an order that such evidence be received in camera or under other conditions to restrict

PROTECTIVE ORDER ~ 7

1  disclosure.  A party intending to use or file a document that arguably contains
2  CONFIDENTIAL information shall provide seven (7) business days' notice to the
3  other party.  This seven (7) business days' notice requirement does not apply to any
4  papers filed in support of or opposition to a dispositive motion.
5      10.   The use of documents designated CONFIDENTIAL, and information
6  derived therefrom, during the course of the trial of this action shall be governed by
7  further stipulation of the parties or further Order of this Court.  Except as to the use at
8  trial of CONFIDENTIAL documents and information derived therefrom, this Order
9  shall remain effective until such time as it is superseded by stipulation of the parties or
10 Order of this Court.
11     11.   At the conclusion of the litigation of this action, or upon settlement or
12 dismissal, documents designated as CONFIDENTIAL, and all copies of such
13 documents (other than exhibits of record), shall, at the direction of the producing
14 party, within sixty (60) days be (i) returned to the producing party and retained thereby
15 for a period of three years from the date the documents were returned, or
16 (ii) destroyed, with the party destroying the documents providing a certificate of
17 destruction to the producing party.
18     12.   In the event that any CONFIDENTIAL document is used in any hearings
19 or court proceedings, it shall not lose its CONFIDENTIAL status outside of litigation
20 through such use.

PROTECTIVE ORDER ~ 8

13. Nothing in this Order shall prevent any party to this action from moving the Court to remove a CONFIDENTIAL designation from a particular document, from seeking modification of this Order or other or further protection or relief, or form objecting to discovery which it believes to be otherwise improper.

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 15th day of January, 2013.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge

PROTECTIVE ORDER ~ 9

EXHIBIT A

AGREEMENT OF EXPERT, CONSULTANT,
NON-PARTY DEPOSITION OR TRIAL WITNESS,
OR DESIGNATED REPRESENTATIVE
TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____ (print or type name), an expert, consultant, non-party deposition or trial witness, or designated representative of _____ (print or type name of party or law firm), in connection with Daniel Boers, DDS, MPH v. Reynolds & Reynolds, DDS, PLLC, dba Wenatchee Valley Dental Village; Timothy L. Reynolds, DDS; and Thomas L. Reynolds, DDS, hereby acknowledges that he or she has received a copy of the Protective Order entered in this action, which this Exhibit A is attached thereto, and has read and agreed to be bound by all of the provisions thereof.

DATED: _____ Signature: _____

PROTECTIVE ORDER ~ 10